WARDLAW, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s law of the case holding and agree that this case should not be reassigned to a different district court judge. I believe that the district court judge got this case right upon remand, however, so I disagree with the majority’s reversal of summary judgment in favor of Ko.
To prevail on his USERRA claim, Ko was required to prove that he would have, “with reasonable certainty,” received a step increase. 20 C.F.R. § 1002.236(a). A “reasonable certainty” means “a high probability,” not “an absolute certainty.” Id. § 1002.213.
The majority emphasizes Ko’s deficient performance during his first year on the job. At the fifteen-month mark, however, Ko’s performance evaluation indicated that he had completed a personal improvement plan and additional training, “improved *976 greatly,” “overcame [his] noted deficiencies,” and received a step increase. His next performance evaluation, which covered the five months before he left for military service and the seven months after he returned, noted Ko’s “exceptional work habits,” his “above average” productivity “in all areas,” and his “bright future in law enforcement”; gave him an overall rating of “exceeds standards”; and awarded him another step increase. The President of the La Habra Police Association attested that a step increase requires only a “meets standards” evaluation, and — as the City conceded at oral argument in Ko I — it was “unusual” for an officer not to receive a step increase. Accordingly, a rational jury would necessarily conclude that Ko was reasonably certain to have received a step increase if he had remained continuously employed during his seventeen-month period of military service. See Aleantar v. Hobart Serv., 800 F.3d 1047, 1055 (9th Cir.2015) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).[1] Finding for the City at trial would impermissibly rely “on an assumption that a series of unlikely events could have prevented the employee from gaining the right or benefit.” 20 C.F.R. § 1002.213.
I would therefore affirm the district court’s grant of summary judgment in favor of Ko.

. Because these facts are either undisputed or ■ are admissions by the City, there are no genuine disputes of material fact.